**In re Edward L. SIMMONS, Respondent.**

**No. 60036.**

Supreme Court of Missouri, En Banc.

Dec. 18, 1978.

Rehearing Denied Feb. 13, 1979.

William T. Bellamy, Jr., Marshall, for informants.

Edward L. Simmons, Independence, for respondent.

### PER CURIAM.

The Advisory Committee of The Missouri Bar Administration initiated this disciplinary proceeding by filing an Information in this court wherein Edward L. Simmons (respondent), a duly licensed attorney in this state, was charged with professional misconduct. Informant alleged that respondent violated Supreme Court Rule 4 (Code of Professional Responsibility) by conduct specifically proscribed by DR1–102(A)(4), DR1–102(A)(5), DR1–102(A)(6) and DR9–102.

The charge stemmed from respondent's representation of Mr. and Mrs. Kenneth Carter in their claims for damages against the City of Harrisonville. Recovery was had in the amount of $58,000 from which, by agreement of all parties, respondent retained $9,573.27 to pay expenses plus his fee of $19,370.69. One item of expense which respondent agreed to pay was a statement from Research Hospital in Kansas City in the amount of $3,429.50. Payment was not made.

The Master appointed by this court, the Honorable Arthur W. Rogers, after a full and exhaustive hearing did file findings of fact and conclusions of law with an advisory recommendation that respondent "be held in violation of Disciplinary Rules of the Court and that his right and license to practice law in this state be cancelled and terminated."

Respondent sought to justify the nonpayment of the hospital bill by asserting that not only did the Carters owe him further fees for other legal services but that the hospital owed him a fee for making the recovery. The Master rejected both contentions and concluded that: ". . . respondent has offered no valid reason for failure to pay over the Research Hospital

money retained by him from the sums collected through litigation for the Carters who authorized the retention of sums out of which medical expenses would be paid by respondent; that respondent's asserted claims that he is entitled to a fee for the collection of the account for Research Hospital is without merit; that the application of said funds to accounts owed him by the Carters is in direct violation of his promise to Carters to pay Research Hospital and is in direct violation of his promises made to Research Hospital."

Two observations are of interest and should be noted: (1) When asked, "Are you a licensed attorney in the State of Missouri?", respondent answered "I don't know. I don't practice law and I haven't paid my Bar Dues. It is my understanding that I am not licensed to practice law in the State of Missouri," and (2) Respondent has failed to pay his proportionate share of the costs of this proceeding as ordered by this court.

Any recitation of further facts would be redundant and it is sufficient to say that the record supports the findings, conclusions, and recommendations of the Master.

For the reasons indicated, it is the judgment of this court that respondent be disbarred, that his license to practice law in Missouri be terminated and that his name be stricken from the roll of attorneys in this state. Costs are taxed against respondent.

MORGAN, C. J., and BARDGETT, FINCH, DONNELLY, RENDLEN and SILER, JJ., concur.

SIMEONE, J., not participating because not a member of the Court when cause was submitted.